

2010 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-17-2010

# Government of the Virgin Islan v. Gregory Williams

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-3521

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2010

Recommended Citation

"Government of the Virgin Islan v. Gregory Williams" (2010). *2010 Decisions.* Paper 1707.
http://digitalcommons.law.villanova.edu/thirdcircuit_2010/1707

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2010 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 08-3521
_____

GOVERNMENT OF THE VIRGIN ISLANDS

v.

GREGORY WILLIAMS,
                                        Appellant

_____

On Appeal from the District Court of the Virgin Islands - Appellate Division
(D.C. Criminal No. 3-05-cr-00056-001)
Chief Judge: The Honorable Curtis V. Gomez
District Judge:  The Honorable Raymond L. Finch
Superior Court Judge:  The Honorable Patricia D. Steele

_____

ARGUED December 1, 2009

Before: McKEE, FUENTES, and NYGAARD, Circuit Judges.

(Filed: March 17, 2010)

Richard F. Della Fera, Esq. (Argued)
Entin & Della Fera
110 Southeast 6th Street, Suite 1970
Fort Lauderdale, FL 33301

Natalie Nelson Tang How, Esq.
27 & 28 King Cross Street
Phoenix Court Business Complex
Christiansted,
St. Croix, USVI 00820

*Counsel for Appellant*

Ernest Bason, Esq.
Terryln M. Smock, Esq. (Argued)
Office of the Attorney General of Virgin Islands
Department of Justice
34-38 Kronprindsens Gade, GERS Complex, 2nd Floor
Charlotte Amalie
St. Thomas, VI 00802

*Counsel for Appellee*

_____

OPINION OF THE COURT
_____

NYGAARD, <u>Circuit</u> <u>Judge</u>.

I.

Appellant Gregory Williams was convicted by a jury of first degree murder and related charges involving assault and illegal use of weapons. Judge I've Arelington Swan presided and Williams was sentenced to life in prison without parole.

Williams appealed his conviction to the District Court for the Virgin Islands. His appeal was heard by a three-judge panel of that court's appellate division (Judges Gomez, Finch and Steele[1]). He challenged the sufficiency of the evidence and argued that comments made by the trial judge deprived him of a fair trial. The District Court affirmed Williams' conviction and he has timely appealed. Because we conclude that the trial judge's comments so infected the trial, and his attempts at a curative instruction were

---

[1] The Honorable Patricia D. Steele, Judge of the Superior Court, Division of Saint Croix, sitting by designation.

too little, too late, and could not purge the injustice, we will reverse and remand for a new trial.

## II.

We have held that "no person [may] be deprived of his interests in the absence of a proceeding in which he may present his case with assurance that the arbiter is not predisposed to find against him." *Wang v. Attorney General*, 423 F.3d 260, 269 (3d Cir. 2005) (quoting *Marshall v. Jerrico, Inc.*, 446 U.S. 238, 242 (1980)). That assurance is absent — and judicial conduct improper — whenever a judge appears biased, even if he actually is not biased. *See In re Antar (SEC v. Antar)*, 71 F.3d 97, 101 (3d Cir. 1995). Public confidence in the judicial system turns on "the appearance of neutrality and impartiality in the administration of justice." *LaSalle Nat'l Bank v. First Conn. Holding Gr., LLC XXIII,* 287 F.3d 279, 292 (3d Cir. 2002). Thus, even if the trial judge here was not actually biased — and we do not speculate as to his state of mind — the "mere appearance of bias" on his part "could still diminish the stature" of the judicial process he represents. *See Clemmons v. Wolfe*, 377 F.3d 322, 327 (3d Cir. 2004). In other words, "justice must satisfy the appearance of justice." *Offutt v. United States*, 348 U.S. 11, 13 (1954); *see also Peters v. Kiff*, 407 U.S. 493, 502 (1972). On this record, such an appearance was not satisfied.

## III.

The bias of the trial judge here centers on comments he made during the cross examination of a prosecution witness.  Raymond Smith was an eyewitness to the murder. He had given a statement to the police describing the perpetrator as "[h]e was like five ten, like 150 to 170, had on a black, black and white plaid shirt and he had a low haircut." Smith also admitted at trial that he had been smoking marijuana before his encounter.  He testified that "the weed does — don't affect you mentally — it just give you a natural high."  He also acknowledged that he saw the gunman for a "split second" and then never saw him again.

When defense counsel attempted to challenge Smith's ability to identify Williams given the fact that he was enjoying his "natural high," counsel was admonished by the trial judge who made the following comment in the presence of the jury, and while sustaining an objection by the prosecution:

> But get to the — get to the perception.  Because I'll tell you something.
> There's a lot of people I does smell that they be smoking, smoking thing, as
> you pass the cars, and they're better drivers than a lot of these other people
> on the road that just can't drive.

Judge Swan continued with additional commentary:

> So, my policies might be different from all the other judges.  But, then
> again, I have been here longer than all the other judges.  I'm the most senior
> associate judge so I don't — I have been doing this for a long time and
> nobody has ever found fault with it.  So I don't follow the young folks. I go
> with my own policy. I've been around longer than all of them.  Three of
> them put together don't have as much years as I have.  So, I have my own
> policy.

In *United States v. Olgin*, 745 F.2d 263 (3d Cir. 1984), we set out the appropriate analysis for courts to use in assessing the propriety of a trial judge's comments before the jury. We explained that "[t]here is no bright line separating remarks that are appropriate from remarks that may unduly influence a jury"). *Id.* at 268-69. This analysis requires a balancing of the following four factors: (1) the materiality of the comment, (2) its emphatic or overbearing nature, (3) the efficacy of any curative instruction, and (4) the prejudicial effect of the comment in light of the jury instruction as a whole. *Id.*

A. Materiality

Here, the trial judge's comments occurred during the cross-examination of Raymond Smith. Defense counsel asked Smith whether he had been smoking marijuana before the shooting. Raymond Smith replied in the affirmative. The prosecutor objected on grounds of relevancy. Defense counsel responded that Raymond Smith's testimony about whether he had been smoking marijuana was relevant to show his ability to perceive the shooting. The trial judge sustained the objection, explaining his ruling with the aforementioned comments, in the presence of the jury

We have no difficulty finding his comments material. The trial judge's comments not only improperly bolstered a witness's testimony, but impacted directly on the presentation of Williams' defense. Defense counsel attempted to discredit Smith's testimony by pointing to Smith's own admission that he was high on marijuana when he saw the gunman. We have no doubt that the trial judge's statement could be viewed by

the jury as vouching for Smith's testimony and supporting his ability to identify the

gunman.

B.      Emphatic and Overbearing Comments

In *United States v. Gaines*, we discussed the limitations on the court's power to

comment on the evidence:

> Unquestionably, any comment by a trial judge concerning the evidence or
> witnesses may influence a jury considerably, and emphatic or overbearing
> remarks particularly may be accepted as controlling, thus depriving a
> defendant of his right to have questions of fact and credibility determined
> by the jury. If the judge exercises restraint in his comments, however, and
> makes it clear in his charge that the jury remains the sole determiner of
> credibility and fact, he has not overstepped the permissible limits of
> comment.

450 F.2d 186, 189 (3d Cir. 1971).  We conclude that the trial judge's unsolicited opinion

concerning the witness and the use of marijuana was made in an overbearing or emphatic

manner.  First, the trial judge made this comment while sustaining the prosecutor's

objection:

> [DEFENSE ATTORNEY]: Your eyes get red when you're smoking weed?
> [RAYMOND SMITH]: Yes.
> Q: Does it affect your ability to move?
> A: No, sir.
> Q: Can you--do you drive a car?
> A: Yes, sir.
> Q: Can you drive a car the same when you're not on weed as when you're on
> weed?
> [PROSECUTOR]: Objection, Your Honor. They don't have an expert.
> [DEFENSE ATTORNEY]: I'm trying to see how it affects him.
> THE COURT: But get to the — get to the perception. Because I'll tell you
> something. There's a lot of people I does smell that they be smoking,

smoking thing, as you pass the cars, and they're better drivers than a lot of these other people on the road that just can't drive.

This comment took place while the trial judge was ruling on an objection. The judge spoke emphatically ("But, let me tell you something . . .") in sustaining the prosecutor's objection, and in so doing, came very close to implicitly dismissing an important part of the defense's case in the eyes of the jury. Second, in attempting to impress the jury with his reputation as a jurist, the trial judge's further comments touting his trial experience and longevity is overbearing and compounded the error. Such extemporaneous commentary by the trial judge deprived Williams of his right to have questions of fact and credibility determined by the jury.

C.      Efficacy of any Curative Instruction

The trial judge made an attempt to cure the error by an instruction to the jury. He said:

Anything that I have said in terms of marijuana, that is — I'm going to order that stricken from the record. What that means is that in your consideration of this case, you're not to consider anything whatsoever that I mentioned about marijuana. Only what the witnesses said from the witness stand.

Given our previous findings of the materiality and forcefulness of the trial judge's statements, we do not find his instruction sufficient to mitigate any prejudice against Williams. First, the trial court's instruction was not given at the time of the objection, or even in close proximity thereto. Second, the trial court's curative instruction was too

vague in that it only told the jurors to "disregard anything I have said in terms of marijuana."

D.    Totality of the Instruction

The true impact of the trial courts's statement was that it supported the testimony of a prosecution eyewitness to the murder – an eyewitness the defense was attempting to challenge as unreliable. The trial judge further compounded the difficulty presented by this comment when he emphasized his experience and judicial superiority over the other members of the bench who, presumably, would not have said what he said regarding the use of marijuana. Given the permeating and prejudicial nature of the trial judge's comments, we find this to be one of those cases where "the trial judge's comments are so out of bounds that no cautionary instruction to the jury could remove their prejudicial effect." *Olgin*, 745 F.2d at 268-69.

E.    Balancing the Comments against the need for reversal

We conclude that the scales tip sharply in favor of reversing Williams' conviction and remanding this matter for a new trial.

IV.

The trial judge's comments here deprived Williams of a fair trial. We will reverse his conviction and sentence and remand this case for a new trial.

FUENTES, Circuit Judge, concurring.

I agree with the majority opinion that the trial judge's comments during Smith's testimony were inappropriate. I write separately to emphasize an additional prejudicial comment by the trial judge that I believe affected the fairness of Williams's trial. At trial, Makeda Petersen was called as a witness to testify by the Government, and she testified that Williams was not the shooter at the scene. The Government, dissatisfied with her testimony, moved to have Petersen declared a hostile witness under Federal Rule of Evidence 611(c). The court agreed with the Government, and then, in the presence of the jury, stated that it had declared Petersen to be a hostile witness. The trial judge went on to state that the court "deems her to be uncooperative and evasive, and particularly twice she has rejected questions by the Government calling her." (Supp App. 365-66 (emphasis added).) The prejudicial effect of remarks like this underscores why courts should not explain evidentiary rulings in the jury's presence. The trial judge's characterization of Petersen's testimony as "uncooperative and evasive" could very well have influenced the jury's assessment of whether or not to credit her testimony. See Quercia v. United States, 289 U.S. 466, 470 (1933). In a case such as this, in which the jury heard contradictory accounts of the critical events and its ultimate decision depended upon whether it believed Petersen's testimony, judicial statements bearing upon the credibility of a witness, such as the trial judge's characterization of Petersen's testimony here, could be highly influential. Cf. United States v. Anton, 597 F.2d 371, 374 (3d Cir. 1979) ("a

-1-

strongly worded comment by the court questioning the defendant's credibility may well overbear the jury's ability to make independent fact findings").  Given that no curative instructions were given with respect to the judge's statements about Petersen's testimony, I believe that the judge's comments concerning Petersen, in addition to those regarding Smith, were sufficiently prejudicial to Williams to require a new trial in this case.